UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                                :
Violet Coleman-Edwards,                         :
                                                :
                    Plaintiff,                  :    **MEMORANDUM AND ORDER**
                                                :
         -against-                              :    03-CV-3779 (DLI)(VVP)
                                                :
Gary V. Simpson, Concord Baptist Church         :
of Christ, Board of Directors of the Concord    :
Baptist Church of Christ, and United States     :
Department of Education,                        :
                                                :
                    Defendants.                 :
--------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff Violet Coleman-Edwards is the former principal of Concord Baptist Elementary School, which is operated by defendant Concord Baptist Church of Christ ("CBCC"). On September 6, 2002, plaintiff executed a one-year employment contract for the 2002–03 school year, providing for a $50,000 annual salary. Plaintiff was suspended from employment on December 21, 2002 and notified of her termination on December 31, 2002.

Plaintiff alleges the following: (1) that she was denied overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), (2) that defendants failed to notify her about and provide her with continuing medical coverage information in violation of the Consolidated Omnibus Reconciliation Act ("COBRA"), (3) that defendants failed to publish a summary plan description of its employee benefits pension plan, notify eligible participants, and segregate assets in violation of the Employee Retirement Income Security Act ("ERISA"), and (4) that defendants breached her employment contract. Defendants move to dismiss the first three claims on the basis of lack of subject matter

1

jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), and the last claim under Fed. R. Civ. P. 12(b)(6). As stated below, defendants' motion to dismiss the first three claims for lack of subject matter jurisdiction is denied. Defendants' 12(b)(6) motion to dismiss the breach of employment contract claim is converted to a summary judgment motion, which is granted.

(1) Defendants' motion to dismiss plaintiff's FLSA claim under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction is denied. Defendants argue that the court lacks subject matter jurisdiction because plaintiff is not covered under the FLSA. Defendants point out that "administrative" employees are exempt from maximum hour requirements under the FLSA, 29 U.S.C. § 213(a)(1), and that the administrative exemption includes a "principal . . . responsible for the operation of an elementary or secondary school," 29 C.F.R. § 541.201. As these arguments do not show a lack of subject matter jurisdiction, the motion is denied. *See, e.g.*, *Velez v. Vassallo*, 203 F. Supp. 2d 312, 330 (S.D.N.Y. 2002) ("whether or not a defendant is statutorily excluded from coverage under the FLSA goes to the merits of the claims against it and not to the jurisdiction of the Court").

(2) Defendants' motion to dismiss plaintiff's COBRA and ERISA claims for lack of subject matter jurisdiction is denied. Defendants do not dispute that CBCC maintains a health plan, but they insist that CBCC "does not have, maintain, operate, or manage a pension plan for any of its employees." (Simpson Aff. ¶ 3.) However, on this motion to dismiss for lack of subject matter jurisdiction, defendants attempt to show that any health or pension plan that defendants might have would be a "church plan" rather than an ERISA plan. ERISA and

2

COBRA[1] provisions do not apply to "any employee benefit plan if . . . such plan is a church plan . . . with respect to which no election has been made under section 410(d) of Title 26."[2] 29 U.S.C. § 1003(b)(2). If a plan is a "church plan," the plan is not an ERISA plan, and the court would not have jurisdiction over it. *See, e.g.*, *Lown v. Cont'l Cas. Co.*, 238 F.3d 543, 547 (4th Cir. 2001) ("If the disability plan was a church plan, no federal question would exist because the plan would not be covered by ERISA."). Other than making the bald assumption that CBCC is a "church," defendants failed to show that any of CBCC's plans meet the definition of a "church plan," including whether requirements set forth in 29 U.S.C. §§ 1003(b)(2) and 1002(33)(A) are fully satisfied. The court still has subject matter jurisdiction over deciding whether CBCC's health plan and pension plan—if such a plan exists—are "church" plans.

---

[1] "ERISA §§ 601, 602, and 606, 29 U.S.C. §§ 1161, 1162, and 1166, . . . give covered employees the rights to the continuation of health insurance in the event of certain qualifying events and to notice of that benefit." *Downes v. JP Morgan & Chase Co.*, 2004 WL 1277991, at *5 (S.D.N.Y.). "Congress enacted these provisions, the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 'to provide employees who had been covered by an employment-related group health care plan with the opportunity to elect group rate continuation of coverage under the plan in the face of some "qualifying event"—job loss or hour reduction.'" *Id*. (quoting *Hubicki v. Amtrak Nat'l Passenger R.R. Co.*, 808 F. Supp. 192, 196 (E.D.N.Y. 1992)).

[2] "The term 'church plan' means a plan established and maintained (to the extent required in clause (ii) of subparagraph (B)) for its employees (or their beneficiaries) by a church or by a convention or association of churches which is exempt from tax under section 501 of Title 26." 29 U.S.C. § 1002(33)(A).

(3) The court grants defendants' request to convert their 12(b)(6) motion to dismiss plaintiff's contract claim into a motion for summary judgment.[3] Defendants' motion for summary judgment is granted. Plaintiff's employment contract provides: "Should it become necessary or advisable to terminate this contract before the 2002/2003 school year is completed, thirty (30) days notice must be given to the Principal. The CBES likewise reserves the same right and in lieu of such notice MAY elect to pay salary instead of 30 days notice to the staff member." (Johnson Aff. Ex. 2.) Plaintiff's complaint alleges she has only received $230.87 from defendants since her termination. However, defendants claim plaintiff was paid thirty days' salary and attach a copy of two checks issued to plaintiff, each for $544.23. Though it is unclear whether this is a proper calculation of thirty days' salary, plaintiff does not dispute defendants assertion that they paid her the thirty days' salary. Moreover, as stated in the complaint, plaintiff alleges that she was terminated without sufficient notice rather than that she was not paid the thirty days' salary, and the employment contract provides for both options. Summary judgment is thus appropriate. *See Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 101 (2d Cir. 1997) (nonmoving party "may not rest upon mere conclusory

---

[3] It is not necessary for the court to give the parties advance notice of this conversion, as plaintiff had reasonable notice of defendants' request and addressed the proposed conversion in her opposition. *See, e.g.*, *Metrokane, Inc. v. Wine Enthusiast*, 185 F. Supp. 2d 321, 325 (S.D.N.Y. 2002).

allegations or denials, but must bring forward some affirmative indication that his version of relevant events is not fanciful") (internal quotation marks omitted).

SO ORDERED.

DATED:   Brooklyn, New York
         September 27, 2005

                                        _____/s/_____
                                              DORA L. IRIZARRY
                                            United States District Judge