UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                          :
Violet Coleman-Edwards,                  :

                      Plaintiff,        :    **MEMORANDUM AND ORDER**

                    -against-        :    03-CV-3779 (DLI)(VVP)

Gary V. Simpson, Concord Baptist Church  :
of Christ, Board of Directors of the Concord            :
Baptist Church of Christ, and United States  :
Department of Education,                :

                    Defendants.    :
-------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

Following the court's Memorandum and Order dated September 27, 2005—denying defendants' motion to dismiss plaintiff's first three claims for lack of subject matter jurisdiction, and granting defendant's motion for summary judgment as to plaintiff's breach of contract claim[1]—defendants filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) and Local Rule 6.3. Defendants' motion for reconsideration was filed timely on October 12, 2005, exactly ten days after the court's order, excluding intermediate Saturdays, Sundays, and Columbus Day,[2] as prescribed by Fed. R. Civ. P. 6(a).

Defendants' motion is denied. Possible grounds for a motion for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear

---

[1] The court converted this claim from a motion to dismiss into a summary judgment motion.

[2] October 10, 2005.

1

error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). Defendants claim their motion is made to "prevent manifest injustice." "The standard for granting . . . a [reconsideration] motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). The movant may not "advance new facts, issues or arguments not previously presented to the Court." *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland*, 768 F. Supp. 115, 116 (S.D.N.Y. 1991). As detailed below, defendants have failed to meet these standards.

**FLSA claim**

After initially urging the court to dismiss plaintiff's claims for lack of subject matter jurisdiction, defendants now argue, quoting *Rivera v. Heights Landscaping, Inc.*, that "the court should find that it has jurisdiction over the case and deal with the defendant's challenge on the merits." 2004 WL 434214, at *1 (N.D. Ill. 2004) (citations and internal quotation marks omitted). Defendants' change in position seems disingenuous. Even more troubling is defendants' extraction of a quotation from *Rivera* out of its proper context. The court in *Rivera* agreed with and cited *Velez v. Vassallo*, 203 F. Supp. 2d 312 (S.D.N.Y. 2002), which the court cited in its September 27, 2005 order, in stating that "[w]hether plaintiffs fall within the protection of the FLSA is an issue regarding the merits of their claims, not the court's jurisdiction." 2004 WL 434214, at *1. The *Rivera* court, considering its discretion to convert the motion to dismiss into a motion for summary judgment,

2

declined to do so and ordered the parties to conduct limited discovery and, if warranted, to file a summary judgment motion.

Whether plaintiff qualifies as exempt from the FLSA's maximum hour requirement is a question of fact. By advancing factual arguments, defendants attempt to convert their motion for reconsideration into a back door summary judgment motion without engaging in discovery. Such conduct is not "[i]n the interests of judicial economy and efficiency," the spirit in which defendants claim to bring the motion for reconsideration. The court herein instructs the parties to conduct limited discovery, on the issue of whether plaintiff falls under the "principal" exemption to the FLSA maximum hour requirement, after which a summary judgment motion may be appropriate.

**COBRA and ERISA Claims**

Plaintiff avers in her complaint that CBCC "has and/or operates an employee benefits pension plan." (Compl. ¶ 22.) Because, on a motion to dismiss for lack of subject matter jurisdiction, the "court must accept as true all material factual allegations in the complaint," *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998), the court could not grant defendants' motion on the basis of Gary V. Simpson's affidavit stating that CBCC "does not have, maintain, operate, or manage a pension plan for any of its employees." (Simpson Aff. ¶ 3.)

Defendants' motion to dismiss plaintiff's COBRA and ERISA claims was denied by the court in the September 27, 2005 Memorandum and Order because "[o]ther than making the bald assumption that CBCC is a 'church,' defendants failed to show that any of CBCC's plans meet the definition of a "church plan," including whether requirements set forth in 29 U.S.C. §§ 1003(b)(2)

and 1002(33)(A) are fully satisfied." Such a showing would go to subject matter jurisdiction, but defendants did not, in their papers in support of the motion to dismiss, supply the necessary documentation that would have allowed the court to determine whether any potential plan operated by CBCC would qualify as a "church plan" under the statutory definitions. Defendants cannot now submit additional documentation that was not previously provided to the court. The policy behind allowing motions for reconsideration only where the court has overlooked something already before it is "to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Lewis v. New York Tel.*, 1986 WL 1441, at *1 (S.D.N.Y.); *see also In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 2001 WL 1042051, at *1 (S.D.N.Y.). At this time the court does not comment on whether the additional documentation satisfies the statutory requirements; such determination must be left for a summary judgment motion, with an opportunity for plaintiff to submit any opposing documentation. Defendants are directed to conduct discovery on this matter as well.

**Conclusion**

Defendants' motion for reconsideration is denied. This case is hereby referred to U. S. Magistrate Judge Viktor V. Pohorelsky for discovery.


SO ORDERED.

DATED:   Brooklyn, New York
         February 17, 2006

                                        _____/s/_____
                                              DORA L. IRIZARRY
                                           United States District Judge

4