UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
VIOLET COLEMAN-EDWARDS,

                           Plaintiff,                  **ORDER**

    - v -

                                                            CV–03-3779 (DLI)(VVP)

GARY V. SIMPSON, et al.,

                           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       The parties have submitted letters concerning disputed discovery items upon which the court makes the following rulings:

       1. *Plaintiff's Discovery Requests.* The plaintiff's May 12, 2006 letter is not clear about the items of discovery she has not received. As best the court can make out, the plaintiff seeks (1) the names and addresses of the defendants' bookkeepers from 1999 to the present; (2) information about insurance carriers and policy numbers; (3) the location of the employee policy and handbook; (4) the names of employees who received overtime pay for work performed that exceeded 35 hours; and (5) a description of the employment benefits package. In response, the defendants properly point out that Judge Irizarry limited discovery in this matter to two areas: (i) as to the Fair Labor Standards Act (FLSA) claim, whether the plaintiff falls under the "principal" exemption to the maximum hour requirement, and (ii) as to the COBRA and ERISA claims, whether either of the defendants' plans qualify as a "church plan" under the applicable statute. *See* Memorandum and Order, Feb. 17, 2006, at 3-4. Given those limitations, the court sees no relevance to the information identified as items 2 and 4 above. As to item 3, the defendants have responded that there was no employee policy and handbook at the relevant times. Thus, no further information need be provided concerning those three items. The information sought in items 1 and 5, however, is relevant and must be provided. The bookkeepers may be in a

position as witnesses to describe policies concerning the benefits in question, particularly in view of the assertion that there is no employee policy or handbook for the applicable period of time, as well as information concerning facts bearing on the application of the "principal" exemption.[1] As to item 5, the defendants appear to concede that the information is relevant, but contend they have answered the interrogatory seeking the information. As neither party has submitted the text of the defendants' answer to the interrogatory, the court is not in a position to evaluate the sufficiency of the defendants' answer. The court finds that the information sought is indeed relevant, and if the defendants have not fully answered the interrogatory they are hereby directed to do so.

The various information that the defendants are ordered to produce above shall be produced within ten business days.

2. *Defendants' Discovery Requests*. The defendants seek documents responsive to its document requests 17, 19, and 21-34. As to requests 17 and 19, the plaintiff contends the requests are unclear. The court disagrees. Essentially, as to request 17 the defendants seeks any document the plaintiff has written, whether on paper or in electronic media, which records her descriptions and thoughts concerning her interactions with any other employees of the defendants (i.e., whether supervisors, co-workers, or subordinates) relating to her employment at Concord Baptist Elementary School. As to request 19, the defendants seek any calendars the

---

[1] Neither the plaintiff nor the defendants have articulated with any specificity what issues bear on the application of the exemption. As it seems likely, however, that the issues will rest at least in part on the terms and conditions of employment, the court presumes that the bookkeepers would be in a position to possess at least some of that information. Accordingly, their identities and contact information is reasonably calculated to lead to evidence admissible at trial. *See* Fed. R. Civ. P. 26(b)(1).

plaintiff maintained for the years 1999 through 2003.  The plaintiff does not explain what is unclear about this request, and the court is at a loss to understand what her objection is. Accordingly, the plaintiff is directed to collect all documents responsive to request 17 which are in her possession, custody or control, as well as every calendar[2] in her possession custody or control, and shall make them available for inspection and copying within ten business days.

As to requests 21-34, each request seeks documents referring or relating to the allegations made in a single paragraph of the complaint.  To the extent that the plaintiff has objected to these requests on the basis of Rule 33(d), the short answer is that Rule 33 does not apply to document requests and her objection is accordingly overruled.  To the extent that the plaintiff contends she does not know what the defendants are looking for, the court is unable to understand her position.  Simply put, each document request seeks any documents in the plaintiffs' possession, custody, or control, that would tend to prove (or disprove) the factual assertions in the paragraph of the complaint to which the document request relates.  If the plaintiff has no such documents in her own possession, but rather intends to rely on documents she hopes to obtain from the defendants, then the proper response to the document request is that the plaintiff has no documents responsive to the request.  Accordingly, the plaintiff's objections to requests 21-34 are all overruled.   The plaintiff is directed to provide supplementary responses in writing to each of those requests stating in unambiguous language whether she possesses any documents responsive to each request.  The written responses are to

---

[2]For purposes of this order, the plaintiff should consider the term "calendar" to include any document which contains in sequential order the dates and months of the year and in or on which the plaintiff made entries concerning appointments, events, meetings, conversations and the like.

be served within ten business days.  All documents responsive to the requests must be made available for inspection and copying within ten business days.

SO ORDERED:

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:  Brooklyn, New York
    June 5, 2006