UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x
VIOLET COLEMAN-EDWARDS,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Plaintiff,　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　-against-　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:　　　　**ORDER**
GARY V. SIMPSON, CONCORD　　　　　　 :　　　03-CV-3779 (DLI) (VVP)
BAPTIST CHURCH OF CHRIST,　　　　　　 :
BOARD OF DIRECTORS OF THE　　　　　　:
CONCORD BAPTIST CHURCH, and　　　　　:
UNITED STATES DEPARTMENT OF　　　　　:
EDUCATION,　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Defendants.　　　　:
------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

　　　　Presently before the court is plaintiff's motion, pursuant to Fed. R. Civ. P. 72(a), to set aside or modify the decision of United States Magistrate Judge Viktor V. Pohorelsky, dated June 5, 2006 ("Judge Pohorelsky's Order"),[1] granting in part and denying in part plaintiff's motion to compel, and granting defendants' motion to compel, both dated May 12, 2006. For the reasons set forth below, as well as for those cited in Judge Pohorelsky's Order, plaintiff's motion is denied.

**Background**

　　　　Plaintiff Violet Coleman-Edwards ("Plaintiff") brought suit against Gary V. Simpson, the Concord Baptist Church of Christ, the Board of Directors of the Concord Baptist Church and the United States Department of Education ("Defendants") alleging that defendants: (1) denied her

---

[1] Familiarity with Judge Pohorelsky's Order is assumed.

1

overtime wages pursuant to the Fair Labor Standards Act ("FLSA"); (2) failed to notify her about and provide her with continuing medical coverage information in violation of the Consolidated Omnibus Reconciliation Act ("COBRA"); (3) failed to publish a summary plan description of its employee benefits pension plan, notify eligible participants, and segregate assets in violation of the Employee Retirement Income Security Act ("ERISA"); and (4) breached her employment contract. On September 13, 2004, defendants filed a motion to dismiss the first three claims on the basis of lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and the last claim for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

By Order dated September 27, 2005, the court denied defendants' motion to dismiss the first three claims for lack of subject matter jurisdiction, but granted defendants' motion to dismiss the breach of employment contract claim. On February 17, 2006, the court denied defendants' motion to reconsider the portion of the September 27, 2005 Order denying defendants' motion to dismiss the first three claims for lack of subject matter jurisdiction, and referred this matter to Magistrate Judge Pohorelsky for discovery and further proceedings.

On June 5, 2006, Magistrate Judge Pohorelsky issued an Order limiting discovery to two areas: (1) whether plaintiff falls under the "principal" exemption to the FLSA maximum hour requirement; and (2) whether defendants' health or pension plans qualify as a "church plan" under the applicable statute. Given these limitations, the Magistrate Judge found plaintiff's requests for information about insurance carriers and policy numbers and for the names of employees who received overtime pay for work performed that exceeded 35 hours to be irrelevant. The Magistrate Judge acknowledged defendants' response that an employee policy and handbook did not exist at the relevant time. However, the Magistrate Judge ordered defendants to provide the names and

addresses of defendants' bookkeepers from 1999 to the present, as well as a description of the employment benefit package. Defendants have fully responded to these requests.

With respect to defendants' document requests, the Magistrate Judge found document requests 17[2] and 19[3] to be clear, and ordered plaintiff to provide all relevant documents. Finally, the Magistrate Judge ordered plaintiff to respond to document requests 21-34[4] because plaintiff's objection based on Fed. R. Civ. P. 33(d) was misplaced.

Plaintiff filed timely objections to the Judge Pohorelsky's Order on June 15, 2006. On June 22, 2006, defendants filed a response to plaintiff's objections. For the reasons set forth below, plaintiff's motion to set aside or modify Judge Pohorelsky's Order is denied.

## Discussion

The decision of a magistrate judge on a nondispositive matter will not be set aside unless it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "Magistrate judges have broad discretion in resolving nondispositive matters, and a party seeking to overturn a discovery order bears a heavy burden." *Gorman v. Polar Electro, Inc.,* 137 F. Supp. 2d 223, 226 (E.D.N.Y. 2001) (citing *Com-Tech Assoc. v. Computer Assoc. Int'l,* 753 F. Supp. 1078, 1079 (E.D.N.Y. 1990), *aff'd,* 938 F. 2d 1574 (2d Cir. 1991)).

---

[2]Document Request 17 states: "all notes, memoranda, diaries, logs, disks, computer hard drive files, and other documents or audio video tape recordings which contain records, notes, descriptions or thoughts concerning plaintiff's interactions with supervisors, teachers, subordinates and/or co-workers about training, discipline or other aspects of employment with the Concord Baptist Elementary School."

[3]Document Request 19 states: "any and all calendars of plaintiff for the years 1999 through 2003."

[4]Document Requests 21-34 state: "any and all documents that refer or relate to paragraphs 13-25 and 27 of plaintiff's complaint."

3

First, plaintiff argues that the Magistrate Judge erred in deeming her requests for (1) information about defendants' insurance carriers and policy numbers, and (2) the names of the employees who received overtime compensation irrelevant, while recommending that plaintiff be ordered to provide documents relating to paragraphs 13-25 and 27 of the complaint.[5] Plaintiff's argument fails. Plaintiff concedes that this is an individualized action, not a class action. Thus, the issue of whether other employees worked overtime without compensation is irrelevant because the court's Order, dated February 17, 2006, limited discovery in the instant action to whether *plaintiff* fell under the "principal" exemption to the FLSA maximum hour requirement. Similarly, plaintiff's request for defendants' disability insurance policy is irrelevant because plaintiff has not alleged a disability claim. And plaintiff's request for defendants' retirement and pension policies is denied because no such policies exist. Furthermore, Magistrate Judge Pohorelsky's Order is not inconsistent because it merely directs plaintiff to provide any documentation she may have that would tend to prove, or disprove, the factual assertions in the paragraph of the complaint to which the document request relates. *See* Fed. R. Civ. P. 26(b)(1); *see also Cliffstar Corp. v. Sunsweet Growers, Inc.,* 218 F.R.D. 65, 69 (W.D.N.Y. 2003) ("Fed. R. Civ. P. 26(b)(1) permits discovery of any non-privileged information relevant to any claim or defense."). If plaintiff does not possess any such documentation, she should simply state so.

Second, plaintiff renews her Fed. R. Civ. P. 33(d) objection to defendants' request for documents referring or relating to the allegations set forth in paragraphs 13-25 and 27 of plaintiff's

---

[5]Paragraphs 13-25 and 27 allege, among other things, that teachers were required to work overtime without compensation for the period 1999 to 2002, that defendants operated an employee benefits pension fund from which plaintiff was excluded, and that defendants failed to provide plaintiff with COBRA information.

complaint.  Plaintiff's objection is overruled because Fed. R. Civ. P. 33(d) does not apply to document requests.  Rather, Rule 33(d) states that "where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served . . . it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained . . . ." *See* Fed. R. Civ. P. 33(d).  Here, defendants are not requesting answers to interrogatories.  Defendants are simply requesting any documents that plaintiff possesses concerning the allegations made in her own complaint.  Again, if plaintiff does not possess any such documents, she should simply state so.

Finally, plaintiff contends that defendants' document requests 17 and 19 are "vague, broad, and not specific."  (Pl.'s Letter, 3, June 15, 2006.)  Plaintiff's objection merely restates an argument put forth in a letter responding to defendants' discovery requests, dated May 22, 2006.  Here, as in the letter, plaintiff does not specify what aspects of document requests 17 and 19 are vague, unclear, or not specific.  As such, the court affirms Judge Pohorelsky's M&O because it is neither clearly erroneous nor contrary to law.

## Conclusion

For the foregoing reasons, as well as those set forth in Judge Pohorelsky's Order, plaintiff's motion to set aside or modify Judge Pohorelsky's Order is denied.

SO ORDERED.

DATED:	Brooklyn, New York
	November 22, 2006

	_____/s/_____
	DORA L. IRIZARRY
	United States District Judge

5